# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:22-cv-00264-MR

| | |
|---|---|
| JASON CARMONA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| FNU KIKER, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A, and Plaintiff's letter to the undersigned [Doc. 5]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

**I.    BACKGROUND**

Pro se Plaintiff Jason Carmona ("Plaintiff") is a pretrial detainee at the Union County Jail in Monroe, North Carolina. He filed this action on June 13, 2022, pursuant to 42 U.S.C. § 1983, against Defendants FNU Kiker and FNU Kennedy, identified as "Jailors" at the Union County Sheriff's Office ("Sheriff's Office"), and FNU LNU, identified as a master control worker employed by the Sheriff's Office. [Doc. 1 at 1-3]. Plaintiff sued all Defendants in their individual and official capacities. [Id. at 2-3]. Plaintiff alleges as

follow.

On June 8, 2022, at approximately 3:00 to 4:00 p.m., on returning from being strip searched and as Plaintiff was being escorted by Defendants Kiker and Kennedy and another "jailor," "a conversation popped about plaintiffs lawsuits on the sheriffs office." [Id. at 5-6 (errors uncorrected)]. Defendant Kiker commented that Plaintiff's lawsuits "get thrown out" because Plaintiff is detained on a charge of death by distribution. Defendant Kiker was "trying to belittle and antagonize plaintiff." [Id. at 6]. In the past, Defendant Kiker has called Plaintiff a "reject Mexican." [Id.]. After Defendant Kiker tried to bait Plaintiff into assaulting Defendants through threats of physical assault, Defendants Kiker and Kennedy, while holding Plaintiff's arms, "forcefully pushed" Plaintiff into his cell. [Id.]. Plaintiff suffered a "hurt shoulder." [Id. at 6]. Plaintiff pressed the intercom button seeking emergency treatment for his shoulder pain, but that Defendant FNU LNU denied Plaintiff immediate treatment. [Id. at 7; see id. at 3, 8].

At approximately 6:30 p.m. the same day, Plaintiff was about to be seen by medical for his shoulder, but he was going to be charged for the visit, so he refused treatment. [Id. at 8]. Plaintiff, however, next alleges (albeit in an inappropriate letter addressed to the Court) that he saw a doctor on the next day because "the pain didn't leave." Plaintiff was prescribed anti-

inflammatory and pain medication. [Id.]. Plaintiff submitted statements from two other inmates corroborating the incident as alleged. [Id. at 10-11].

Plaintiff purports to state claims for harassment, cruel and unusual punishment, medical negligence, racial discrimination, and defamation of character based on these allegations. [Id. at 3]. For damages, Plaintiff claims physical injury and emotional suffering. [Id. at 12]. For relief, Plaintiff seeks monetary and punitive damages and injunctive relief. [Id.].

In his Complaint, Plaintiff alleges that he filed a grievance through the Jail kiosk the same day as the incident and that he was "still waiting to hear back" when he filed the Complaint.[1] [Id. at 9, 14]. Plaintiff alleges that he is "never listened to because they have a buddy buddy system here." [Id.]. Plaintiff further alleges that because of his other lawsuits "on this Jail and office" and he is "not liked and always just dismissed usually so just file now. Please trust me I just make my complaint then file its the only way to get through over here." [Id. (errors uncorrected)]. In a supplementary filing Plaintiff presented in the form of a letter to the undersigned dated June 14, 2022, Plaintiff advised that he "tried to communicate again by grievances to exhaust [his] remedy" and that his claim was deemed unfounded. [Doc. 5].

---

[1] Plaintiff prepared and dated his Complaint the same day as the incident. [Doc. 1 at 18]. The Complaint was received by the Court on June 13, 2022. [Doc. 1-1 at 1].

Plaintiff was further advised that if he made false claims he would be moved to segregation. [Id.].

Finally, Plaintiff alleges that he has not had any civil action dismissed pursuant to 28 U.S.C. § 1915(g)'s three-strikes rules, but that he has had lawsuits dismissed "because [of] stuff like failing to state a claim or not pursuing lawsuits. (I didn't know what I was doing really)[.]" [Id. at 15 (errors uncorrected)].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se

complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a § 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. 534 U.S. 516, 532 (2002). The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that, under the PLRA, exhaustion must take place before the commencement of the civil action to further the efficient administration of justice. Id.

In Woodford v. Ngo, the Supreme Court held that the PLRA exhaustion

requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Further, "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524). Finally, it is well-settled that a prisoner may not exhaust his administrative remedies during the pendency of a § 1983 action; rather, he must fully exhaust all steps of the administrative process before filing his lawsuit. See Germain v. Shearin, 653 Fed. Appx. 231, 234 (4th Cir. 2016); French v. Warden, 442 Fed. App'x 845, 846 (4th Cir. 2011).

The PLRA, however, does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Rather, failure to exhaust administrative remedies is an affirmative defense. "That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint[.]" Id. at 683; Custis v. Davis, 851 F.3d 358, 361 (4th Cir.

2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.").

Here, Plaintiff affirmatively alleges that he was waiting for a response to his grievance when he filed his Complaint and that, to be taken seriously, he "just make[s] his complaint then file[s]" a lawsuit "because it's the only way to get through over here." [Doc. 1 at 14]. Moreover, Plaintiff prepared and dated his Complaint the same date as the incident and necessarily mailed the Complaint shortly thereafter. Then, several days later, Plaintiff sent a letter to the Court stating that he received a response to his grievance, resolving it as unfounded. Thus, Plaintiff has affirmatively shown that he did not exhaust the administrative remedy procedure before filing his Complaint. The Court, therefore, will sua sponte dismiss this action without prejudice. See Custis, 851 F.3d at 361.

## IV. PLAINTIFF'S LITIGATION HISTORY

In preparing this Order, particularly given Plaintiff's references to his other lawsuits and given his approach to filing actions with this Court, the Court reviewed Plaintiff's federal litigation history. Plaintiff has filed many cases in this District and in the Middle District of North Carolina. Plaintiff is correct that he has not yet had an action dismissed pursuant to 28 U.S.C. §

1915(g). Plaintiff, however, has had many lawsuits dismissed for other reasons, including for failure to state a claim for relief, failure to prosecutive, as duplicative of another pending action, for "'serious flaws' mak[ing] it impossible to further process the Complaint," and for lack of jurisdiction and improper venue. See e.g., Civil Case Nos. 3:19-cv-632 (W.D.N.C) (failure to prosecute), 3:21-cv-211 (W.D.N.C) (lack of jurisdiction/improper venue), 3:22-cv-122 (W.D.N.C) (duplicative), 1:18-cv-769 (M.D.N.C) (failure to prosecute), 1:20-cv-202 (M.D.N.C) (failure to file on proper form), 1:19-cv-566 (M.D.N.C.) ("serious flaws"), 1:20-cv-730 (M.D.N.C.) ("serious flaws"), and 1:21-cv-729 (M.D.N.C.) (failure to state a claim).

The Court is very troubled by Plaintiff's approach to filing lawsuits in this Court. That is, Plaintiff files lawsuits simply to be taken seriously and to "get through" to Jail officials before he has even exhausted the grievance procedure. This approach, as evidenced by Plaintiff's frequent and numerous dismissals, is a flagrant abuse of the judicial process.

Plaintiff is strongly cautioned against filing future lawsuits for any improper purpose, without following required procedure, that he does not intend to fully prosecute, and/or that have the effect of taking advantage of or abusing the Court's limited time and resources. Any such future complaints filed by Plaintiff will be reviewed under 28 U.S.C. § 1915(g) and

8

Case 3:22-cv-00264-MR   Document 9   Filed 07/25/22   Page 8 of 9

subject to dismissal thereunder.

Plaintiff is also cautioned against filing letters directed to the Clerk or to the undersigned judge. [See Doc. 5]. Such letters are improper and are subject to being stricken from the record in this matter or in any future actions filed by Plaintiff. [Doc. 3 at ¶ 5 ("Letters sent to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court.")]. Plaintiff would be very well served to carefully review the Order of Instructions, the Local Rules of this Court, and the Federal Rules of Civil Procedure before filing any further Complaints in this Court.

## V. CONCLUSION

For the reasons stated herein, the Court dismisses Plaintiff's Complaint without prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is hereby **DISMISSED without prejudice** in accordance with the terms of this Order. The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: July 24, 2022

Martin Reidinger
Chief United States District Judge